1

**BESHADA FARNESE LLP**
Peter J. Farnese (SBN 251204)
pjf@beshadafarneselaw.com

2

11601 Wilshire Blvd., Suite 500

3

Los Angeles, California 90025
Telephone:  310-356-4668

4

Facsimile:   310-388-1232

5

*Attorneys for Defendant,*
*My Pillow, Inc.*

6

7

8

9

## UNITED STATES DISTRICT COURT

10

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11 RICHARD WUEST, individually and on behalf of a class of similarly situated individuals, | CASE NO.: |
| 12 | |
| 13 | Judge: |
| 14 Plaintiffs, | **DEFENDANT MY PILLOW INC.'S NOTICE OF FILING OF REMOVAL AND REMOVAL TO FEDERAL COURT, UNDER 28 U.S.C. §§ 1332, 1441, 1446 AND 1453** |
| 15 v. | |
| 16 MY PILLOW, INC. and Does 1-50, inclusive | |
| 17 | |
| 18 Defendants. | |

19

20

21

22

23

24

25

26

27

28

BESHADA
FARNESE LLP

CASE NO.

DEFENDANT'S NOTICE OF REMOVAL

Defendant My Pillow, Inc. ("Defendant" or "My Pillow") by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, hereby removes this action from the Superior Court of California, Alameda County, to the United States District Court for the Northern District of California.

As more fully set out below, this putative class action as alleged in the Complaint is properly removed to this Court under 28 U.S.C. § 1441 and 1446 because My Pillow has satisfied the venue and procedural requirements for removal, and because this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

## I.   REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION UNDER 28 U.S.C. §§ 1332.

1.     The Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), grants federal courts diversity jurisdiction over putative class actions that have: (1) been commenced after February 18, 2005; (2) minimal diversity; (3) 100 or more class members; and (4) an aggregate amount in controversy in excess of $5,000,000. *See* 28 U.S.C. §§ 1332 note, 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(2).

2.     The U.S. Supreme Court recently affirmed that a defendant needs only to plausibly allege the requirements for federal jurisdiction to remove. That is, a defendant only needs to file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal"; no evidentiary submissions need to be submitted. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 21 547, 553 (2014) (citing 28 U.S.C. §1446(a)).

### A.   Commencement

3.     CAFA applies to civil actions that are commenced after CAFA's effective date, i.e., after February 18, 2005. *See* 28 U.S.C. § 1332 note.

4.     Plaintiff Richard Wuest ("Plaintiff" or "Wuest") commenced this action on February 16, 2018, by filing a Complaint in the Superior Court of California, Alameda

County, under the caption *Richard Wuest, et al. v. My Pillow, Inc.*, Case No. RG18893465.   *See* Plaintiff's Complaint ("Compl.") (attached as part of Exhibit A).

**B.   Minimal Diversity Exists**

5.     Plaintiff is, and was at all relevant times, a citizen of California, residing in California. Ex. A., Compl. at ¶4.

6.     A corporation like My Pillow is a citizen of every State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Here, My Pillow is incorporated and has its principal place of business in the state of Minnesota. *See* Ex. A, Compl. at ¶5.

7.     Plaintiff seeks to represent a class defined as: "All California residents who, ·at any time during the applicable limitations period preceding the filing of the Complaint in this matter and through and including the date of resolution, called one or more of Defendant's customer service telephone numbers from a cellular or cordless telephone while located within the State of California and whose calls were recorded and/or monitored by Defendant without any warning or disclosure at the call outset." *See* Ex. A., Compl. at ¶18.

8.     Therefore, at least one member of the Plaintiff's proposed class ("All California residents") is a citizen of a state different from My Pillow's state of citizenship (Minnesota). *See* 28 U.S.C. § 1332(d)(2)(A).

9.     Moreover, diversity of citizenship between Plaintiff (California) and My Pillow (Minnesota) satisfies the minimal-diversity requirement of CAFA, which requires only that the citizenship of "any member of a class" be diverse from "any defendant." *Id.*; *see also Aguilar v. Courtyard Mgmt. Corp.*, No. 13- 07181, 2014 WL 12597037, at *2 (C.D. Cal. Jan. 13, 2014) (CAFA minimal diversity requirement satisfied where named plaintiff was "a citizen of California—a different state than at least one defendant.").

10.     Because the named plaintiff is a California resident, and My Pillow is a citizen of Minnesota, the minimal-diversity requirement under CAFA is met.

**C.      100 or More Class Members**

11.      Plaintiff alleges that the proposed class "contains numerous members." *See* Ex. A., Compl. at ¶19.  My Pillow alleges that it received more than 1,000 calls from more than 100 California residents during the relevant limitation period set forth in the Complaint.[1] Accordingly, there are more than 100 putative class members.  *See* 28 U.S.C. §1332(d)(5)(B).

**D.      The Aggregate Amount in Controversy Requirement Is Met.**

12.      CAFA requires that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).

13.      "[T]o determine whether the matter in controversy exceeds the sum or value of $5,000,000," the "claims of the individual class members shall be aggregated."  *Id.* § 1332(d)(6).

14.      In other words, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).; *see also Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy.").

15.      Plaintiff alleges that "at all relevant times," My Pillow had a "policy and practice" of recording or monitoring calls in violation of California Penal Code § 632.7, and that My Pillow is liable to each prospective class member for $5,000 per alleged violation. Compl. ¶¶ 33-36.

16.      At $5,000 per violation for more than 1,000 calls, *see supra* ¶ 11, the statutory penalties Plaintiff seeks on behalf of the putative class exceed $5,000,000. *See* Cal. Penal Code § 637.2. *See Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 554

---

[1]      The statute of limitations for a Section 632.7 civil action is one year. *See Quesada v. Banc of Am. Inv. Servs., Inc.*, No. 11-1703, 2012 WL 34228, at *1 (N.D. Cal. Jan. 6, 2012) (citing Cal. Civ. Proc. Code § 340(a).

1  ("[A] defendant's notice of removal need include only a plausible allegation that the
2  amount in controversy exceeds the jurisdictional threshold.").

3      17.    By removing this action to this Court, My Pillow does not concede that it
4  has any liability, let alone liability of greater than $5,000,000, to the members of the
5  putative class, and denies that any class could be properly certified under Federal Rule of
6  Civil Procedure 23. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)
7  (citing cases); *Helm v. Alderwoods Grp., Inc.*, No. 08-1184, 2008 WL 2002511, at *5
8  (N.D. Cal. May 7, 2008) ("[D]efendants cannot be expected to try the case themselves for
9  purposes of establishing jurisdiction, and then admit to the opposing party and to the Court
10 that a certain number of . . . violations did indeed occur.").

11     18.    Because (1) minimal diversity exists, (2) there are more than 100 putative
12 class members, and (3) more than $5,000,000 in the aggregate is in controversy, this Court
13 has original subject matter jurisdiction. *See* 28 U.S.C. § 1332(d)(2)(A).

14     19.    Because this action states a basis for original subject matter jurisdiction
15 under 28 U.S.C. § 1332, it is removable under 28 U.S.C. § 1441(a).

16

17 **II.    THE REQUIREMENTS OF 28 U.S.C. §§ 1441 AND 1446 ARE MET.**

18    **A.    Timeliness**

19     20.    A notice of removal may be filed within 30 days after the defendant receives
20 a copy of the initial pleading, motion, or other papers from which it may be ascertained
21 that the case is removable. 28 U.S.C. §1446(b). My Pillow, through its counsel, accepted
22 service of the summons and Complaint pursuant to Cal. Code. Civ. P. § 415.30 on May
23 22, 2018. As such, the deadline to remove this case has not accrued and this Notice of
24 Removal is timely filed under 28 U.S.C. § 1446(b). *See Murphy Bros. v. Michetti Pipe*
25 *Stringing, Inc.*, 526 U.S. 344, 356 (1999) (The time period for removal only begins to run
26 upon the completion of "formal process.").

27     21.    Moreover, pursuant to 28 U.S.C. § 1453(b), it is not necessary to obtain the
28 consent of all Defendants in order to remove a putative class action.  Nevertheless, the

1  only named defendant is My Pillow, and thus there are no other defendants to join in or
2  consent to this removal.

3

4  **B.    Removal to Proper Court**

5      22.    Removal to the United States District Court for the Northern District of
6  California is proper because it embraces the Superior Court of the State of California,
7  Alameda County, where this action was commenced.  28 U.S.C. § 1441(a); *see also* 28
8  U.S.C. § 1446(a).

9  **C.    Procedural Requirements**

10     23.    Section 1446(a) requires a removing party to provide this Court a copy of all
11  "process, pleadings, and orders" served on it in the state court action. A true and correct
12  copy of the Complaint, pleadings, and orders attached hereto as Exhibit A. As required
13  by 28 U.S.C. § 1446(d), My Pillow will promptly file an appropriate notice in the state
14  court action and will serve on all counsel of record a true and correct copy of this Notice
15  of Removal.

16     24.    No previous application has been made for the relief requested herein.

17

18  **D.    Defenses**

19     25.    By filing this Notice, My Pillow does not waive any defenses that may be
20  available to it, and My Pillow reserves the right to amend or supplement this Notice. My
21  Pillow expressly reserves the right to move to dismiss this action or for judgment in
22  favor of My Pillow pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure.
23  In addition, My Pillow expressly reserves the right to move to strike or oppose the
24  certification of any putative class pursuant to Federal Rule of Civil Procedure

25     WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, My Pillow
26  respectfully removes this action from the Superior Court of California, Alameda County,
27  to the United States District Court for the Northern District of California.

28

DATED: June 19, 2018            **BESHADA FARNESE LLP**

By:    */s/ Peter J. Farnese*
          Peter J. Farnese

*Attorneys for Defendant,*
*My Pillow, Inc.*

# EXHIBIT A

# EXHIBIT A



20657846

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Eric A. Grover, Esq. (SBN 136080), Robert Spencer, Esq. (238491)<br>KELLER GROVER LLP<br>1965 Market Street<br>San Francisco, California 94103<br>TELEPHONE NO.: 415-543-1305    FAX NO.: 415-543-7861<br>ATTORNEY FOR *(Name):* Plaintiff Richard Wuest | **FOR COURT USE ONLY**<br><br>**FILED**<br>ALAMEDA COUNTY<br><br>FEB 16 2018<br><br>CLERK OF THE SUPERIOR COURT<br>By _____<br>DEPUTY |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS: 1225 Fallon Street<br>CITY AND ZIP CODE: Oakland, California 94612<br>BRANCH NAME: Rene C. Davidson Courthouse | |

CASE NAME:
Wuest v. My Pillow, Inc., et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: RG18893465 |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 1
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 16, 2018

Robert Spencer, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained in item 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

EXHIBIT A
Page 2 of 22

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: | Case Number: |
|---|---|
| Wuest v My Pillow, Inc., et al. | |

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[✓] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[ ] Hayward Hall of Justice (447)

[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case?   [ ] yes   [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI/PD / WD Tort | Bus tort / unfair bus. practice (07) | [✓] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial | **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential | **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs | **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes  [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13


20657847

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):

MY PILLOW, INC.; and DOES 1 through 50, inclusive,

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

RICHARD WUEST, individually and on behalf of a class of similarly situated individuals,

<table>
<tr><td>

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
ALAMEDA COUNTY

FEB 16 2018

CLERK OF THE SUPERIOR COURT
By _____
DEPUTY

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

<table>
<tr><td>The name and address of the court is:<br>(El nombre y dirección de la corte es):<br><br>Alameda County Superior Court<br>1225 Fallon Street, Oakland, California 94612</td><td>CASE NUMBER:<br>(Número del Caso):<br><br>**RG18893465**</td></tr>
</table>

Rene C. Davidson Courthouse

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Eric A. Grover, Esq., KELLER GROVER LLP, 1965 Market Street, San Francisco, CA 94103 (415) 543-1305

DATE: February 16, 2018                    **Chad Finke**             Clerk, by _____, Deputy
(Fecha)                                    (Secretario)                              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify):

   under: ☑ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



20657843

1   ERIC A. GROVER (SBN 136080)
    eagrover@kellergrover.com
2   **KELLER GROVER LLP**
    1965 Market Street
3   San Francisco, California 94103
    Telephone:  (415) 543-1305
4   Facsimile:  (415) 543-7861

5

6

7

**FILED**
ALAMEDA COUNTY

FEB 1 6 2018

CLERK OF THE SUPERIOR COURT
By _____
                        DEPUTY

8                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **IN AND FOR THE COUNTY OF ALAMEDA**

10

11  RICHARD WUEST, individually and on        )   Case No: _____
    behalf of a class of similarly situated    )
12  individuals,                               )
                                               )   CLASS ACTION
13              Plaintiff,                      )
                                               )   **COMPLAINT FOR DAMAGES AND**
14          v.                                 )   **INJUNCTIVE RELIEF**
                                               )
15  MY PILLOW, INC.; and DOES 1 through 50,    )   **DEMAND FOR JURY TRIAL**
    inclusive,                                 )
16                                             )
                Defendants.                    )
17                                             )
                                               )
18                                             )
                                               )
19                                             )               BY FAX
                                               )
20                                             )

21

22

23

24

25

26

27

28

_RG 18 893465_

Case No: _____

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP<br>1965 Market Street, San Francisco, CA 94103<br>Tel. 415.543.1305 | Fax 415.543.7861

## CLASS ACTION COMPLAINT

Plaintiff Richard Wuest ("Plaintiff" or "Wuest"), on behalf of himself and a class (the "PC § 632.7 Class") of similarly situated individuals as defined below, alleges on information and belief and the investigation by counsel as follows:

## INTRODUCTION

1.   This class action lawsuit arises out of the policy and practice of Defendant My Pillow, Inc. ("Defendant" or "My Pillow") to record and/or monitor,[1] without the consent of all parties, consumer-initiated telephone calls made or routed to Defendant's toll-free and other customer service telephone numbers (collectively referred to as "My Pillow customer service telephone numbers"), including but not limited to the My Pillow toll-free telephone numbers 800-544-8939 and 800-308-1299.  During the relevant time period, Defendant intentionally and surreptitiously recorded and/or monitored telephone calls made or routed to Defendant's toll-free and other customer service telephone numbers, including the telephone numbers 800-544-8939 and 800-308-1299.  Defendant did so without warning or disclosing to inbound callers that their calls might be recorded or monitored.

2.   Defendant's policy and practice of recording and monitoring consumer-initiated telephone conversations without the consent of all parties violates California's Invasion of Privacy Act (Penal Code §§ 630, et seq.).  Specifically, Defendant's policy and practice violate Penal Code § 632.7, which prohibits the recording or monitoring of a communication made to or from a cellular or cordless telephone without the consent of all parties to the communication.

///

///

---

[1] "Monitor," as used in this complaint, includes both (a) the common understanding of a person listening in on a call and (b) "intercepting," as that term is used in the California Invasion of Privacy Act ("CIPA").  Thus, "monitor" will be used in lieu of "intercept" throughout this complaint.

3.     Because of Defendant's violations, all individuals who called or were routed to one or more of Defendant's customer service telephone numbers while they were in California and were recorded or monitored by Defendant surreptitiously and without disclosure are entitled to an award of statutory damages and injunctive relief as set forth in Penal Code § 637.2.

## PARTIES

4.     Plaintiff Richard Wuest is an individual and a resident of California.

5.     Defendant My Pillow, Inc. is a foreign corporation with its headquarters in Chanhassen, Minnesota. Defendant systematically and continuously does business in California and with California residents.

6.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue those defendants by those fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and on that ground alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged and that Plaintiff's injuries and damages, as alleged, are proximately caused by those occurrences.

7.     Plaintiff is informed and believes and on that ground alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and on that ground alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that each knew or should have known about and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all Defendants.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this action under California Penal Code §§ 632.7 and 637.2.

---

COMPLAINT                                  2                          Case No. RG1787592

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

9.     This Court has personal jurisdiction over the parties because Defendant continually and systematically has conducted business in the State of California.  Likewise, Plaintiff's rights were violated in the State of California and arose out of his contact with Defendant from and within California.

10.     Venue is proper in this Court because California Code of Civil Procedure §§ 395 and 395.5, and case law interpreting those sections, provide that if a foreign business entity fails to designate with the office of the California Secretary of State a principal place of business in California, it is subject to being sued in any county in the state that plaintiff desires.  On information and belief, as of the date this Complaint is filed, Defendant is a foreign business entity that has failed to designate a principal place of business in California with the office of the Secretary of State.

## FACTUAL ALLEGATIONS COMMON TO THE CLASS

11.     Plaintiff has heard radio commercials and seen television ads for Defendant's products many times.  On January 22, 2018 at approximately 5:15 p.m., Plaintiff called 800-544-8939 using a cellular telephone while physically located within the State of California.  During that call, Plaintiff made some inquiries regarding sizes and prices.  At no point during that initial telephone call did Defendant inform Plaintiff that the call was being recorded.  Plaintiff did not give and could not have given consent for his telephone call to be recorded because the lack of warning or disclosure regarding call recording left him unaware at the call outset that Defendant was engaged in that practice.

12.     Plaintiff made a second call to 800-544-8939 at approximately 6:20 p.m. on January 22, 2018 to place an order.  That call was also made using a cellular telephone while Plaintiff was physically located within the State of California.  At no point during that initial telephone call did Defendant inform Plaintiff that the call was being recorded.  Plaintiff did not give and could not have given consent for his telephone call to be recorded because the lack of warning or disclosure regarding call recording left him unaware at the call outset that Defendant was engaged in that practice.

13.     Plaintiff made third call to 800-544-8939 at approximately 6:35 p.m. on January

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1    22, 2018.   That call was also made using a cellular telephone while Plaintiff was physically

2    located within the State of California.   During that call Plaintiff asked the customer service

3    representative whether Defendant records telephone calls and was told that Defendant records all

4    calls.   At no time prior to asking the customer service representative whether his call was being

5    recorded did Defendant provide any warning or disclosure that it recorded calls.

6         14.     Plaintiff is informed and believes and on that ground alleges that Defendant's

7    employees and agents at the customer service call centers were and are directed, trained, and

8    instructed to, and did and do, record and/or monitor telephone calls between the customer service

9    representatives and callers, including California callers.   Plaintiff, on his own and through

10   investigation by counsel, verified on more than one occasion in January 2018 that callers who

11   called 800-544-8939 and 800-308-1299 and were routed to Defendant's customer service

12   representatives routinely were being recorded without having received any warning that their

13   calls were being recorded.   No warning disclosure was played while callers were on hold waiting

14   to be transferred to a customer service representative, and no warning was given at the call outset

15   after callers were transferred to a customer service representative.

16        15.     Plaintiff is informed and believes and on that ground alleges that Defendant

17   intentionally has used technology consisting of hardware and/or software or other equipment to

18   carry out a policy and practice of recording and/or monitoring calls routed to Defendant's

19   customer service representatives.

20        16.     Plaintiff is informed and believes and on that ground alleges that other callers

21   who called Defendant's customer service telephone numbers – including 800-544-8939 and 800-

22   308-1299 -- and were routed to one of Defendant's customer service call centers were not

23   informed at the call outset by Defendant or anyone else that their calls were being recorded

24   and/or monitored.   Thus, that recording and/or monitoring necessarily occurred without the

25   callers' knowledge or consent.

26        17.     Because there was no warning that calls would be recorded or monitored,

27   Plaintiff had a reasonable expectation that his telephone conversation with Defendant's

28   employees and agents was, and would remain, private and confined to the parties on the

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

COMPLAINT                                    4                    Case No. RG1787592

1  telephone. That recording and/or monitoring without his consent is highly offensive to Plaintiff

2  and would be highly offensive to a reasonable person, including members of the proposed

3  Plaintiff Class.

## CLASS ACTION ALLEGATIONS

5      18.    Plaintiff brings this action under California Code of Civil Procedure § 382 on

6  behalf of themselves and the class (the "PC § 632.7 Class") defined as follows:

7          All California residents who, at any time during the applicable limitations period

8          preceding the filing of the Complaint in this matter and through and including the date

9          of resolution, called one or more of Defendant's customer service telephone numbers

10          from a cellular or cordless telephone while located within the State of California and

11          whose calls were recorded and/or monitored by Defendant without any warning or

12          disclosure at the call outset.

13      19.    The PC § 632.7 Class that Plaintiff seeks to represent contains numerous

14  members and is clearly ascertainable including, without limitation, by using Defendant's

15  records and/or Defendant's telephone company's and/or other telecommunications and toll-free

16  service providers' records regarding calls to Defendant's customer service telephone numbers to

17  determine the size of the PC § 632.7 Class and to determine the identities of individual PC §

18  632.7 Class members. Plaintiff reserves the right to amend or modify the PC § 632.7 Class

19  definition and/or to add subclasses or limitations to particular issues.

20      20.    By its unlawful actions, Defendant has violated Plaintiff's and the PC § 632.7

21  Class's privacy rights under California's Invasion of Privacy Act, California Penal Code §§ 630

22  *et seq.* The questions raised are, therefore, of common or general interest to the PC § 632.7

23  Class members, who have a well-defined community of interest in the questions of law and fact

24  raised in this action.

25      21.    Plaintiff's claims are typical of those of the PC § 632.7 Class, as Plaintiff now

26  suffers and has suffered from the same violation of the law as other putative PC § 632.7 Class

27  members. Plaintiff has retained counsel with substantial experience in prosecuting complex

28  litigation and class actions to represent them and the PC § 632.7 Class, and Plaintiff will fairly

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1    and adequately represent the interests of the PC § 632.7 Class.

2        22.    This action may properly be maintained as a class action under § 382 of the

3    California Code of Civil Procedure because there is a well-defined community of interest in the

4    litigation and the proposed PC § 632.7 Class is ascertainable.

**Numerosity**

5

6        23.    Based on information and belief, the Class consists of at least seventy-five

7    individuals, making joinder of individual cases impracticable.

8    **Typicality**

9        24.    Plaintiff's claims are typical of the claims of all of the other members of the PC §

10   632.7 Class.  Plaintiff's claims and the PC § 632.7 Class members' claims are based on the same

11   legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff

12   and to all of the other PC § 632.7 Class members.

13   **Common Questions of Law and Fact**

14       25.    There are questions of law and fact common to the PC § 632.7 Class that

15   predominate over any questions affecting only individual PC § 632.7 Class members.  Those

16   common questions of law and fact include, without limitation, the following:

17           a.    Whether Defendant had a policy or practice of recording and/or

18                 monitoring inbound telephone calls made to customer service telephone

19                 numbers, including 800-544-8939 and 800-308-1299;

20           b.    Whether Defendant had a policy or practice of not disclosing to inbound

21                 callers that their conversations with Defendant's employees or agents

22                 would be recorded and/or monitored;

23           c.    Whether Defendant had a policy or practice of not obtaining inbound

24                 callers' consent to record and/or monitor conversations between

25                 Defendant's employees or agents, on the one hand, and inbound callers, on

26                 the other;

27

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

COMPLAINT                               6                          Case No. RG1787592

d.   Whether Defendant violated California Penal Code § 632.7 by recording and/or monitoring, surreptitiously and without disclosure at the call outset, telephone conversations

i.   between inbound callers using cellular and cordless telephones within California and Defendant's employees and agents, and

ii.   between inbound callers using landline telephones within California and Defendant's employees and agents using cellular or cordless phones; and

e.   Whether Class members are entitled to statutory damages of $5,000 under Penal Code § 637.2 for each violation of Penal Code § 632.7.

**Adequacy**

26.   Plaintiff will fairly and adequately represent and protect the interests of the other members of the PC § 632.7 Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the other PC § 632.7 Class members and have the financial resources to do so. Neither Plaintiff nor his counsel have any interests adverse to those of the other PC § 632.7 Class members.

**Superiority**

27.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all PC § 632.7 Class members is impracticable and questions of law and fact common to the PC § 632.7 Class predominate over any questions affecting only individual members of the PC § 632.7 Class. Even if every individual PC § 632.7 Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the conduct of this action as a class action with respect to some or all of the issues will

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

COMPLAINT                    7                    Case No. RG1787592

1    present fewer management difficulties, conserve the resources of the court system and the

2    parties and protect the rights of each PC § 632.7 Class member. Further, it will prevent the very

3    real harm that would be suffered by numerous putative PC § 632.7 Class members who simply

4    will be unable to enforce individual claims of this size on their own, and by Defendant's

5    competitors, who will be placed at a competitive disadvantage as their punishment for obeying

6    the law. Plaintiff anticipates no difficulty in the management of this case as a class action.

7          28.    The prosecution of separate actions by individual PC § 632.7 Class members may

8    create a risk of adjudications with respect to them that would, as a practical matter, be dispositive

9    of the interests of other PC § 632.7 Class members not parties to those adjudications or that

10   would substantially impair or impede the ability of those non-party PC § 632.7 Class members to

11   protect their interests.

12         29.    The prosecution of individual actions by PC § 632.7 Class members would run

13   the risk of establishing inconsistent standards of conduct for Defendants.

14         30.    Defendant has acted or refused to act in respects generally applicable to the PC §

15   632.7 Class, thereby making appropriate final and injunctive relief or corresponding declaratory

16   relief with regard to members of the PC § 632.7 Class as a whole as requested herein. Likewise,

17   Defendant's conduct as described above is unlawful, is capable of repetition, and will continue

18   unless restrained and enjoined by the Court.

**FIRST CAUSE OF ACTION**
**Unlawful Recording and/or Monitoring of**
**Cellular and Cordless Telephone Communications**
**(Violation of California Penal Code § 632.7)**
**Against All Defendants**

22         31.    Plaintiff incorporates each allegation set forth above as if fully set forth herein

23   and further alleges as follows.

24         32.    On and around January 22, 2018, and while physically located in the State of

25   California, Plaintiff used his cellular telephone and called Defendant's 800-544-8939 toll-free

26   customer service telephone number.

27         33.    Plaintiff is informed and believes and on that ground alleges that, at all relevant

28   times, Defendant had a policy and practice of using hardware and/or software or other equipment

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

---

COMPLAINT                                    8                          Case No. RG1787592

1   that enabled it to surreptitiously record and/or monitor conversations with Plaintiff and other PC

2   § 632.7 Class members (a) who made calls to the My Pillow customer service telephone numbers

3   on their cellular or cordless telephones or (b) who made calls to Defendant's cellular or cordless

4   telephones on their landline telephones.  Plaintiff, individually and through investigation by

5   counsel, verified on more than one occasion in January 2018 that callers who called 800-544-

6   8939 and 800-308-1299 and were routed to Defendant's customer service representatives

7   routinely were being recorded without having received any warning at the call outset that their

8   calls were being recorded.  No warning disclosure was played while callers were on hold waiting

9   to be transferred to a customer service representative, and no warning was given at the call outset

10  after callers were transferred to a customer service representative.

11      34.    Plaintiff is informed and believes and on that ground alleges that, at all relevant

12  times, Defendant had and followed a policy and practice of intentionally and surreptitiously

13  recording and/or monitoring Plaintiff's and PC § 632.7 Class members' telephone conversations

14  with Defendant's employees and agents in which one or both parties to the call were using

15  cellular or cordless telephones.  Plaintiff, individually and through investigation by counsel,

16  verified on more than one occasion in January 2018, that callers who called 800-544-8939 and

17  800-308-1299 and were routed to Defendant's customer service representatives routinely were

18  being recorded without having received any warning at the call outset that their calls were being

19  recorded.  No warning disclosure was played while callers were on hold waiting to be transferred

20  to a customer service representative, and no warning was given at the call outset after callers

21  were transferred to a customer service representative.

22      35.    Because Defendant did not disclose to Plaintiff or PC § 632.7 Class members at

23  the call outset that their calls were being recorded and/or monitored, Defendant did not obtain,

24  and could not have obtained, Plaintiff's or PC § 632.7 Class members' express or implied

25  advance consent to the recording or monitoring of those conversations.  As a result, Plaintiff and

26  PC § 632.7 Class members had an objectively reasonable expectation that their calls were not

27  being recorded and/or monitored.  That expectation and its objective reasonableness arise, in

28  part, from the objective offensiveness of surreptitiously recording people's conversations, the

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1  absence of even a simple pre-recorded message as short as four simple words – "calls may be

2  recorded" – and the ease with which such a message could have been put in place.  As the

3  California Supreme Court has stated, "in light of the circumstance that California consumers are

4  accustomed to being informed at the outset of a telephone call whenever a business entity intends

5  to record the call, it appears equally plausible that, in the absence of such an advisement, a

6  California consumer reasonably would anticipate that such a telephone call is not being recorded,

7  particularly in view of the strong privacy interest most persons have with regard to the personal

8  financial information frequently disclosed in such calls."  (See *Kearney v. Salomon Smith Barney*

9  (2006) 39 Cal. 4th 95.)

10      36.   Defendant's conduct as described above violated California Penal Code §

11  632.7(a).  Under Penal Code § 637.2, Plaintiff and PC § 632.7 Class members therefore are

12  entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual

13  damages, the amount deemed proper by the California Legislature.  Plaintiff and PC § 632.7

14  Class members also are entitled to injunctive relief to enjoin further violations.

15                                   **PRAYER FOR RELIEF**

16      **WHEREFORE**, Plaintiff, on behalf of himself and members of the Class, prays for the

17  following relief:

18      a.    An order certifying the PC § 632.7 Class and appointing Plaintiff Richard Wuest

19            as representatives of the PC § 632.7 Class, and appointing counsel for Plaintiff as

20            lead counsel for the PC § 632.7 Class;

21      b.    An order declaring that the actions of Defendant, as described above, violate

22            California Penal Code § 632.7;

23      c.    A judgment for and award of statutory damages of $5,000 per violation to

24            Plaintiff and the members of the PC § 632.7 Class under California Penal Code

25            § 637.2;

26      d.    A permanent injunction under Penal Code § 637.2 enjoining Defendant from

27            engaging in further conduct in violation of California Penal Code § 630, *et seq.*;

28      e.    Payment of costs of the suit;

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

COMPLAINT                              10                        Case No. RG1787592

1      f.      Payment of attorneys' fees under California Code of Civil Procedure § 1021.5;

2      g.      An award of pre- and post-judgment interest to the extent allowed by law; and

3      h.      For such other or further relief as the Court may deem proper.

4

5                                          Respectfully submitted,

6   Dated:  February 16, 2018             **KELLER GROVER LLP**

7

8                                  By:    _____

9                                          Eric A. Grover
                                           Attorneys for Plaintiff
10

11

12

13                                         **JURY DEMAND**

14      Plaintiff requests a trial by jury of all claims that can be so tried.

15

16

17                                         Respectfully submitted,

    Dated:  February 16, 2018             **KELLER GROVER LLP**
18

19                                 By:    _____

20                                         Eric A. Grover
                                           Attorneys for Plaintiff
21

22

23

24

25

26

27

28

---
COMPLAINT                                    11                        Case No. RG1787592

*(left margin)* KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
Attn:  Grover, Eric A.
1965 Market Street
San Francisco, CA   94103____

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

---

| | |
|---|---|
| Wuest <br><br> Plaintiff/Petitioner(s) <br><br> VS. <br><br> My Pillow, Inc. <br> Defendant/Respondent(s) <br> (Abbreviated Title) | No. <u>RG18893465</u> <br><br> Order <br><br> Complaint Business Tort/Unfair Business Practice |

The Complaint Business Tort/Unfair Business Practice was set for hearing on 04/10/2018 at 03:00 PM in Department 23 before the Honorable Brad Seligman.  The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

Case continued to 03:00 PM on 05/15/2018 in Department 23, Complex Determination Hearing, Administration Building, 1221 Oak Street, Oakland.

Dated:  04/10/2018

digital

_____
CourtroomClerk Maya Greer

---

Order

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number:  RG18893465
Order After Hearing Re: of 04/10/2018

# DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at
1225 Fallon Street, Oakland, California.

　　　Executed on 04/12/2018.
　　　　　　　Chad Finke  Executive Officer / Clerk of the Superior Court

　　　　　　　　　　By _____
　　　　　　　　　　　　　　　　　　　　　　　　Deputy Clerk

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

|  |  |
|---|---|
| **Wuest** | **No. RG18893465** |
| Plaintiff/Petitioner(s) | |
| **VS.** | **Minutes** |
| **My Pillow, Inc.** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department    23                                Honorable   Brad Seligman          , Judge

Cause called for: Complex Determination Hearing on May 15, 2018.

Case continued to 03:00 PM on 06/26/2018 in Department 23, Complex Determination Hearing, Administration Building, 1221 Oak Street, Oakland. If the complaint has not been served by the next scheduled date, Plaintiff to show cause.

Minutes of    05/15/2018
Entered on    05/15/2018

Chad Finke  Executive Officer / Clerk of the Superior Court

By

_____

                                                            Deputy Clerk

---

KELLER GROVER LLP
Attn:  Grover, Eric A.
1965 Market Street
San Francisco, CA   94103____

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

---

| | |
|---|---|
| Wuest<br><br>                    Plaintiff/Petitioner(s)<br><br>                    VS.<br><br><br>My Pillow, Inc.<br>                    Defendant/Respondent(s)<br>                (Abbreviated Title) | No. <u>RG18893465</u><br><br>Order<br><br>Complaint Business Tort/Unfair Business Practice |

The Complaint Business Tort/Unfair Business Practice was set for hearing on 05/15/2018 at 03:00 PM in Department 23 before the Honorable Brad Seligman.  The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

Case continued to 03:00 PM on 06/26/2018 in Department 23, Complex Determination Hearing, Administration Building, 1221 Oak Street, Oakland. If the complaint has not been served by the next scheduled date, Plaintiff to show cause.

Dated:  05/15/2018

digital

_____
CourtroomClerk Jhalisa Castaneda

---

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG18893465
Order After Hearing Re: of 05/15/2018

# DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, California.

Executed on 05/16/2018.

Chad Finke  Executive Officer / Clerk of the Superior Court

By _____

digital

Deputy Clerk

21167931
POS-015

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Eric A. Grover, Esq. (SBN 136080)<br>Keller Grover LLP<br>1965 Market Street<br>San Francisco, California 94103<br>TELEPHONE NO.: (415) 543-1305   FAX NO. *(Optional):* (415) 543-7861<br>E-MAIL ADDRESS *(Optional):* eagrover@kellergrover.com<br>ATTORNEY FOR *(Name):* Plaintiff Richard Wuest | **FOR COURT USE ONLY**<br><br>**FILED**<br>**ALAMEDA COUNTY**<br>MAY 2 2 2018<br>CLERK OF THE SUPERIOR COURT<br>By _Sue Pesho_ |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: Richard Wuest

DEFENDANT/RESPONDENT: My Pillow, Inc.

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>RG18893465 |

TO *(insert name of party being served):* My Pillow, Inc.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: February 23, 2018

BY FAX

Rubi Quihuis, Esq.
_____
(TYPE OR PRINT NAME)                    ▶          _____
                                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*
   1) Civil Case Cover Sheet
   2) Civil Case Cover Sheet Addendum
   3) ADR Information Package

*(To be completed by recipient):*

Date this form is signed: May 22, 2018

Peter J. Farnese, Esq.
| Beshada Farnese LLP |
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,     ▶     _____
ON WHOSE BEHALF THIS FORM IS SIGNED)                          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
**Attorneys for My Pillow, Inc.**                             ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005]    **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**    Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov